IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:17-CR-381-1 |
| | ) | |
| MESSIAH MAY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Before the court accepts a guilty plea, a defendant may withdraw his guilty plea "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). After the court accepts a guilty plea but before it imposes a sentence, a defendant may withdraw the plea only if the court rejects a plea agreement made pursuant to Rule 11(c)(5) or if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2).

Messiah May pled guilty to conspiring to distribute cocaine hydrochloride and heroin. After the Court accepted the guilty plea, but before sentencing, Mr. May filed a "Withdrawal of Guilty Plea" pursuant to Rule 11(d)(1). He now contends that the factual basis stated during his Rule 11 hearing was inadequate and invalidates the Court's acceptance of his guilty plea, entitling him to withdraw the plea as of right under Rule 11(d)(1). This contention is without merit, as the Court had accepted his guilty plea and does not have to make the factual basis determination until sentencing. The "Withdrawal of Guilty Plea" will be treated as a motion under Rule 11(d)(2) and, because Mr. May has not shown a "fair and just reason" to withdraw his plea, the motion will be denied.

I. **Facts and Procedural Background**

In October 2017, Mr. May was indicted on a charge of conspiracy to distribute cocaine hydrochloride and heroin. Doc. 1 ¶¶ 1–2. After proceedings largely not pertinent to the dispute here, Mr. May pled guilty pursuant to a written plea agreement in January 2018. *See* Doc. 72; Minute Entry 01/26/2018; Doc. 133 at 2–3, 19. After an in-depth Rule 11 colloquy, Doc.133 at 3–19, the Court found Mr. May's guilty plea to be knowing and voluntary. *Id.* at 19.

Defense counsel then expressed concern that the original and amended factual basis documents filed by the government contained "much more information than is actually necessary to cover the elements of the offense," giving rise to safety issues if they were unsealed. *Id.* at 20. In an effort to allay this concern, the Court used the information in those documents to outline the evidence[1] for the record, and the parties agreed there was an independent factual basis for the guilty plea based on that summary rather than based on the written factual basis documents. *Id.* at 21–22. The Court then found "that there is an independent factual basis for the defendant's plea and it is supported by those facts. His plea of guilty is accepted and the defendant is adjudged guilty of Count One, conspiracy to distribute cocaine hydrochloride and heroin." *Id.* at

---

[1] The Court said: "Basically the government's evidence in this case is one actual drug deal in September of 2016, the search in September of 2017, and where marijuana and a whole lot of money was located at a place where the defendant was present, and then statements from coconspirators about drug purchases from Mr. May." Doc. 133 at 21.

2

22. The Court set the matter for sentencing in April.² *Id.* at 23. The Clerk's Minute Entry for these proceedings thereafter inaccurately indicated "Factual Basis withheld." *See* Minute Entry 01/26/2018.

Some ten days later, counsel for Mr. May filed a document entitled "Withdrawal of Guilty Plea." Doc. 78. Defense counsel noted that the minute entry indicated the factual basis had been withheld and cited Federal Rule of Criminal Procedure 11(d)(1), which allows a defendant to withdraw a guilty plea "for any reason or no reason" before it is accepted. Doc. 78 at 1.³ A few days later, Mr. May filed a *pro se* handwritten motion to withdraw his guilty plea based on ineffective assistance of counsel and because he was "under duress and stress" when he pled guilty. Doc. 82. He soon retained new counsel. Doc. 84.

After a status conference at which Mr. May abandoned his contention that Rule 11(d)(1) applied⁴ and after a number of motions and orders, the matter came on for

---

² In the plea agreement, Mr. May and the government agreed that "a sentence of 120 months is the appropriate disposition of the case." Doc. 72 at ¶ 5(c). This part of the plea agreement was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, so that if the Court rejected this part of the plea agreement, Mr. May would have the opportunity to withdraw his guilty plea. *Id.*; Fed. R. Crim. P. 11(c)(5). At the Rule 11 hearing, the Court made clear it would evaluate this part of the plea agreement at the sentencing hearing and that, if the Court did not agree with the 120 month sentence, it would allow Mr. May to withdraw his guilty plea. Doc. 133 at 10, 14–15. This part of the plea agreement is not at issue in the pending motions.

³ The court docket denominates this as a "Motion to Withdraw Plea of Guilty."

⁴ Before the status conference, Mr. May, through his new counsel, filed a "Motion to Withdraw Motion to Withdraw Guilty Plea," Doc. 97, in which he specifically sought to withdraw the "Withdrawal of Guilty Plea," Doc. 78, filed by his previous attorney and stated that he "wishes to proceed to sentencing." Doc. 97 at 1. At the status conference, defense counsel acknowledged that the Court had accepted Mr. May's guilty plea and conceded that, as a result,

hearing on September 10. Mr. May did not testify or present evidence or argument in support of his claims that his first lawyer had provided ineffective assistance of counsel[5] and that he had pled guilty under duress and stress. His motion to withdraw his guilty plea raising these issues, Doc. 82, will therefore be denied.

At the September hearing, Mr. May revived his contention that he was entitled to withdraw his guilty plea under Rule 11(d)(1) "for any reason or no reason." Through counsel, he acknowledged that the Court had accepted his guilty plea, but for the first time he asserted that the verbal factual basis summarized by the Court at the Rule 11 hearing was insufficient to support the plea.[6] Mr. May maintained that the lack of an adequate factual basis meant that the Court should not have accepted the guilty plea and that he was entitled to withdraw his guilty plea as a matter of right under Rule 11(d)(1) of the Federal Rules of Criminal Procedure. Doc. 140 at 2, 5, 6.

---

"there was no foundation" for the Rule 11(d)(1) motion filed by previous counsel. *See* Doc. 139 at 3–4.

[5] The Court discussed this decision directly with Mr. May, who confirmed that he no longer wished to pursue the IAC claim.

[6] There was a good bit of confusion at the beginning of the hearing about the issues before the Court. Defense counsel had previously conceded that Rule 11(d)(1) did not apply because the Court had accepted his guilty plea, *see supra* note 4, and while he had thereafter asked to be heard on the original withdrawal of guilty plea, *see* Doc. 130, at no point before the hearing did defense counsel file any sort of position paper or brief explaining the basis for his arguments or providing any citation to case law in support of his contentions. At the hearing, defense counsel provided no legal authority to frame or support his argument, and it otherwise took some time for counsel's arguments to coalesce. In subsequent briefing, Mr. May simply assumed that Rule 11(d)(1) applied and otherwise did not cite legal authority relevant to several of the issues identified by the Court at the end of the hearing. *Compare* Minute Entry 09/10/18, *with* Doc. 140 (defendant's supplemental brief). The Court states its understanding of Mr. May's arguments in light of the entire oral argument and subsequent briefing.

## II. Discussion

Rule 11 does not require any "magic words" for a court to "accept" a guilty plea, but "there is little doubt that an unambiguous acceptance (e.g., 'I accept your guilty plea') . . . provides strong, if not conclusive, evidence that an acceptance has occurred." *United States v. Battle*, 499 F.3d 315, 322 (4th Cir. 2007). Here, the Court not only engaged in a detailed Rule 11 colloquy with Mr. May, Doc. 133 at 3–19, it also explicitly accepted Mr. May's guilty plea. *Id.* at 22 (statement by the Court that "[the defendant's] plea of guilty is accepted"). Mr. May has not pointed to any countervailing evidence indicating that the Court did not accept his guilty plea.[7]

Mr. May appears to contend that the lenient standards of Rule 11(d)(1) apply here because the factual basis the Court found to support the guilty plea was inadequate.[8] While Mr. May is correct that Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that courts "determine that there is a factual basis for the [guilty] plea," that rule

---

[7] As noted *supra* at note 2, the Court conditionally accepted Mr. May's guilty plea, subject to an evaluation of whether the sentence agreed to in the plea agreement was acceptable to the Court under Rule 11(c)(5). Mr. May initially contended that this fact meant that the Court had not accepted the guilty plea, see Doc. 78, but he later withdrew this argument. *See* Doc. 139 at 3–4, 9. Mr. May has otherwise not directly and clearly attempted to revive this argument, nor has he cited any support for it. To the extent this argument has not been abandoned and is still before the Court, it is rejected. *See generally United States v. Hyde*, 520 U.S. 670, 674 (1997) (noting that "guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time."); *United States v. Jones*, 472 F.3d 905, 908–09 (D.C. Cir. 2007) (holding that a district court's conditional acceptance of a guilty plea subject to later review and acceptance of the plea agreement still operated as an "acceptance" of the guilty plea under Rule 11(d), triggering Rule 11(d)(2) and rendering Rule 11(d)(1) inapplicable).

[8] As noted *supra* at note 4, Mr. May conceded at an April hearing that Rule 11(d)(1) did not apply. *See* Doc. 139 at 3–4. The Court will not reach the issue of whether Mr. May waived any argument that Rule 11(d)(1) applies since he arguably resuscitated this argument by motion, Doc. 130, and since the argument fails on the merits.

does not condition a valid acceptance of a guilty plea upon the finding of a factual basis. Unlike Rule 11(b)(2), which requires a voluntariness inquiry "[b]efore accepting a plea," Rule 11(b)(3) only requires that the finding of a factual basis be made "[b]efore entering judgment on a guilty plea." Thus, by its terms, Rule 11(b)(3) does not require that the factual basis finding be made before accepting a guilty plea. *See United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010) ("Critically, [Rule] 11(b)(3) states that the district court should make the factual basis determination 'before entering judgment on a guilty plea'—not, as in other subsections of Rule 11, 'before accepting a plea.'");[9] *United States v. Ketchum*, 550 F.3d 363, 366–67 (4th Cir. 2008) (holding, in case where a magistrate judge accepted a plea after a Rule 11 colloquy and then deferred the factual basis finding, that "the district court . . . may defer its [factual basis] inquiry until sentencing").[10]

---

[9] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[10] There appears to be a circuit split on whether the district court must make the factual basis determination before accepting the guilty plea, which the parties did not identify or address in their briefing. *Compare Mobley*, 618 F.3d at 545 (the Sixth Circuit, holding that it may consider proceedings after the plea colloquy to determine whether a district court had a factual basis for a plea), *and United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008) ("When determining whether there is a factual basis for a guilty plea, inferences may be fairly drawn from the evidence adduced after the acceptance of a guilty plea but before or at sentencing."), *with United States v. Adams*, 448 F.3d 492, 500 (2d Cir. 2006) ("Our case law makes clear . . . that a sufficient factual basis must be determined at the time the plea is accepted, thus an after-the-fact hearing will not suffice."), *and United States v. Plisek*, 657 F.2d 920, 924 (7th Cir. 1981) ("It is well settled in this circuit that . . . a district judge shall not accept a guilty plea until he has determined that there is a factual basis for the plea."). Because the Fourth Circuit has long held that the factual basis can be determined at sentencing, it is likely the Fourth Circuit would follow the Sixth and Fifth Circuits. *See, e.g.*, *United States v. Martinez*, 277 F.3d 517, 522 n.4 (4th Cir. 2002) (interpreting an earlier version of Rule 11 to hold that, "[b]ecause judgment is not entered until after sentencing, a court may defer the finding of a factual basis for a plea until that time."); *Ketchum*, 550 F.3d at 367 (interpreting the current version of Rule 11 to hold that "the district court . . . may defer its [factual basis] inquiry until sentencing."). Even if it does not, however, Mr. May's argument is more appropriately addressed under Rule 11(d)(2). *See supra* at 7.

Mr. May cites no cases or other authority for the proposition that an inadequate factual basis at the time a guilty plea is accepted somehow means the acceptance of the guilty plea is invalid or void so as to allow withdrawal as of right under Rule 11(d)(1). He does not explain why the Court's explicit acceptance of his plea after a Rule 11 colloquy does not foreclose the application of Rule 11(d)(1) and trigger the application of Rule 11(d)(2). Moreover, even if Mr. May is correct that an adequate factual basis should have been found before the Court accepted Mr. May's plea and that the verbal factual basis found by the Court at the Rule 11 hearing was inadequate, *see* Doc. 140 at 2–5, these are arguments that there is "a fair and just reason" to withdraw the plea, not arguments that the Court did not accept the plea or that Rule 11(d)(1) somehow applies.[11]

The question, then, is whether Mr. May has shown a "fair and just reason" to withdraw his guilty plea under Rule 11(d)(2). *See generally United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (identifying factors to consider in evaluating a motion to withdraw a guilty plea). The only basis he has arguably asserted is his claim that the verbal factual basis given at the Rule 11 hearing was inadequate to support a guilty plea for conspiracy to distribute cocaine hydrochloride and heroin. Doc. 140 at 2–5. Under the circumstances of this case, this is not an adequate basis to allow Mr. May to withdraw

---

[11] Mr. May spends much of his supplemental brief on the issue of whether the verbal factual basis was sufficient. But if Rule 11(d)(1) applies as he assumes, this issue would not need to be addressed because that rule allows withdrawal as of right for any reason or no reason. The Court therefore construes his arguments regarding the timing and the sufficiency of the factual basis determination as directed towards the "fair and just" cause provision of Rule 11(d)(2).

7

his guilty plea, even assuming he is correct that the factual basis as stated by the Court was inadequate.

The factual basis requirement "is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *See United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007). Here, Mr. May admits he knew what was stated in the original factual basis document filed by the government before he pled guilty. Doc. 77 (handwritten document filed by Mr. May stating that "[t]here where [sic] some information in the original factual basis that I didn't agree to" and asking to unseal the amended factual basis "because I have not been shown this document before signing of plea agreement"); *accord* Doc. 133 at 19–20 (statements by defense counsel implying that Mr. May saw the original factual basis); Doc. 82 at 1 (letter by Mr. May stating that defense counsel read him the original factual basis on the day he signed the plea agreement). The original factual basis document, Doc. 69-1, is well sufficient to support Mr. May's plea.

Moreover, the Court explicitly went over the elements of the offense with Mr. May and twice inquired whether he understood them. Doc. 133 at 11, 12. Mr. May twice stated he did understand the elements, Doc. 133 at 11, 12, and twice affirmed that he understood his plea of guilty was an admission to all of those elements. Doc. 133 at 12, 18. At the end of the Rule 11 colloquy, immediately after again being advised that if he pled guilty he was admitting the elements of the crime, Doc. 133 at 18, Mr. May pled guilty and explicitly admitted his guilt. Doc. 133 at 19. He never asked any questions

8

about how the elements applied to his conduct. He has not changed his position on these questions even now. Nor has he subsequently denied his guilt or contended that his guilty plea was not knowing or voluntary because he did not understand the elements. *See Moore*, 931 F.2d at 248 (identifying whether the defendant has offered credible evidence that his plea was not knowing or voluntary and whether the defendant has credibly asserted his legal innocence as factors relevant to the plea withdrawal inquiry).[12]

Further, Mr. May abandoned his unverified and vague claim that his lawyers were ineffective, which was inconsistent with his statements under oath when he pled guilty. *Compare* Doc. 82 ("I feel that my counsel was ineffective"), *with, e.g.*, Doc. 133 at 5 (Mr. May, answering "No" in response to the question of whether he had "any concerns about the sufficiency of [his lawyer's] representation"). The record discloses, and the Court finds, that Mr. May had competent counsel when he pled guilty. *See Moore*, 931 F.2d at 248 (identifying whether the defendant has had close assistance of competent counsel as relevant to the plea withdrawal analysis).

Mr. May does not contend, nor has he ever contended, that the government does not have evidence of his conduct that supports each element of the offenses he pleaded guilty to; he maintains only that the factual basis stated on the record during the Rule 11 hearing is insufficient to support his guilty plea. While Mr. May has consistently

---

[12] In a handwritten document filed last winter, Mr. May did claim he had pled guilty out of "duress and stress." Doc. 82. He did not tie this to his understanding of the elements of the offense, however, and he has not provided any evidence to support this vague claim, which is inconsistent with his sworn statements during the plea colloquy. Nor has his attorney made any argument that his guilty plea was not knowing and voluntary.

disagreed with unspecified aspects of the two written factual basis documents that the government filed before he pled guilty, *see*, e.g., Doc. 133 at 19–20, Doc. 77, those disagreements were never directed to the adequacy of the factual basis. Rather, his lawyer expressed the opposite concern: that the original and amended written factual basis documents contained "much more information than is actually necessary to cover the elements of the offense." Doc. 133 at 20–21. Mr. May's attorney agreed at the Rule 11 hearing that there was a sufficient factual basis for his guilty plea, Doc. 133 at 20, 22, and the two written factual basis documents fully support counsel's recognition of the obvious. *See* Docs. 69-1, 71-1.

     Assuming without deciding that the factual basis stated during the Rule 11 hearing was insufficient, the Court can deal with this problem, if it is one, at the sentencing hearing. *See United States v. Van Doren*, 800 F.3d 998, 1001 (8th Cir. 2015) (noting that a "defendant may establish a fair and just reason for withdrawing his guilty plea by demonstrating that his plea is not supported by an adequate factual basis."). At that point, the Court will have the pre-sentence report and perhaps other information before it. *See generally Martinez*, 277 F.3d at 531–32 (noting that, at sentencing, the court "may conclude that a factual basis exists from anything that appears on the record," and that "answers provided by counsel for the defense and government [and] the presentence report" are appropriate for consideration); *Mobley*, 618 F.3d at 545 ("In reviewing whether a district court had a factual basis for a plea, then, we may examine the entire record, including proceedings that occurred after the plea colloquy."); *Ketchum*,

550 F.3d at 366–67; *see also Hildenbrand*, 527 F.3d at 475. As noted, the finding of a factual basis need only be made before entry of judgment.

While there was not a long delay between the Rule 11 hearing and Mr. May's motion to withdraw his guilty plea, granting the motion would prejudice the government, inconvenience the Court, and waste judicial resources. *See Moore*, 931 F.2d at 248 (highlighting these factors as relevant to the plea withdrawal inquiry). There are co-defendants who have pled guilty and whose sentencings would likely be further delayed if Mr. May's motion was granted. *See, e.g.*, Doc. 125 at ¶ 14; Doc. 126 at 3; Doc. 127; Doc. 128. Mr. May's history of repeatedly changing his mind[13] seems likely to recur, causing further delays and wasting additional court resources.

Finally, the Rule 11 colloquy was unusually extensive in this case. *See generally* Doc. 133 at 3–19; Doc. 139 at 3 (Mr. May's current counsel, conceding that "the Court had gone way beyond the normal questioning that it would ask a defendant."). Mr. May had many opportunities to ask for a jury trial if he wanted to plead not guilty or to ask about the elements of the offense, and the record is clear that Mr. May's guilty plea was knowing and voluntary. *See* Doc. 133 at 3–19. The Court confirmed that the plea agreement had been signed several days before the Rule 11 hearing, Doc. 133 at 18, and Mr. May told the court several times, under oath, that he had had enough time to talk to

---

[13] To give just one example, Mr. May raised questions about the adequacy of his counsel's representation early on, Doc. 56, which he abandoned at a hearing, *see* Minute Entry 1/11/18, and when he pled guilty. Doc. 133 at 5. He then renewed this issue by another letter motion, Doc. 82, and abandoned it again, through counsel. Doc. 139 at 5. He then renewed it again when questioned directly by the Court, *id.* at 5-7, only to withdraw it again when it came on for hearing in September.

11

his lawyers. Doc. 133 at 5, 8. Mr. May told the court—again several times while still under oath—that he understood it was his decision whether to plead guilty or not guilty and that he understood he could have a trial if he wanted one. *Id.* at 6, 7, 11, 17–18. The Court told him that "if you plead guilty today and the Court accepts your plea, you will not have a trial. That is a difficult decision to get set aside." *Id.* at 8. Mr. May said he understood. *Id.* He was fully aware of the elements of the crime, he knew the contents of the original factual basis document which summarized much of the government's evidence, and he admitted his guilt.

## III. Conclusion

The Federal Rules of Criminal Procedure do not allow defendants who have knowingly and voluntarily pled guilty to withdraw their guilty pleas "simply on a lark" or based on "buyer's remorse." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009). Technical difficulties with the factual basis—difficulties arising from defense concerns over Mr. May's safety, not over the adequacy of the factual basis—do not provide cover for what appears to be nothing more than a change of heart.

For these reasons, the court finds and concludes that Mr. May has not met his burden to show a fair and just reason for the withdrawal of his guilty plea. It is **ORDERED** that the defendant's motions to withdraw his guilty plea, Docs. 78, 82, are **DENIED**.

This the 23rd day of October, 2018.

                                                                                              UNITED STATES DISTRICT JUDGE