IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| MESSIAH MAY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:17-CR-381-1 |
| | ) | 1:19-CV-663 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION and ORDER**

Catherine C. Eagles, District Judge.

The defendant-petitioner, Messiah May, moves to set aside his sentence and conviction pursuant to 28 U.S.C. § 2255. His claims about ineffective assistance of counsel and the involuntary nature of his guilty plea are not supported by evidence and are without merit. The motion will be denied.

### I.  Procedural History

Mr. May was indicted in this case in October 2017 on a charge of conspiracy to distribute detectable amounts of cocaine hydrocholoride and heroin between June 1, 2016, and May 31, 2017. Doc. 1. A few months later, he was indicted in a new case on a charge of conspiracy to distribute 1 kilogram or more of heroin and 500 grams or more of cocaine hydrochloride from on or about May 1, 2016, through May 2, 2017. *United States v. May*, Case No. 18-CR-10 (M.D.N.C.), Doc. 1. In late January 2018, he pled guilty to the conspiracy charges in this case. Minute Entry 1/26/2018; Doc. 72. In exchange for several promises from the government, including dismissal of the later-filed

indictment which carried the possibility of mandatory minimum sentences because of the drug amounts alleged, Doc. 72 at ¶ 5(a), and, pursuant to Fed. R. Civ. P. 11(c)(1)(C), a binding recommendation of a 120-month sentence, *id.* at ¶ 5(c), Mr. May agreed to significantly limit his right to appeal or challenge his conviction in any post-conviction proceeding. *Id.* at ¶ 5(e).

Shortly after the Rule 11 hearing, Mr. May filed a *pro se* motion to withdraw his guilty plea, which the Court denied. *See* Doc. 143 (denying Docs. 78, 82). At sentencing, there were no objections to the presentence report. *See* Doc. 148 at 33; Doc. 157 at 3. The Court, on its own motion, reduced the drug amounts used for the guideline calculation, *see* Doc. 157 at 5, 13–14; Doc. 156, and struck two related enhancements. Doc. 157 at 14. Based on the drug amounts, the base offense level was 30. *See* Doc. 156 at p. 1 ¶ 1(B)(1); Doc. 157 at 11–13. The Court added enhancements for maintaining premises for the purpose of distributing a controlled substance, Doc. 148 at ¶ 60, and for his role as an organizer or leader, *id*. at ¶ 62,[1] each of which the presentence report recommended.[2] *See* Doc. 157 at 13–14.

With these enhancements, Mr. May's total offense level was 36, and with a criminal history category of IV, his guideline range was 262 months to 327 months. *Id.* at 14; Doc. 156; Doc. 182 at 8–9. But the statutory maximum was 240 months, 21 U.S.C. § 841(b)(1)(C), which thus became the guideline suggestion.

---

[1] Although Mr. May initially objected to the leadership enhancement, he withdrew his objection before sentencing. *See* Doc. 182-1 at 3–4.

[2] The Court adopted the presentence report with the changes summarized *supra*. Doc. 156.

2

Upon full consideration, the Court accepted the arrangement in the plea agreement, Doc. 157 at 15, and sentenced Mr. May to 120 months imprisonment. Doc. 155. Judgment was filed on January 18, 2019. Doc. 155. Mr. May did not appeal. He filed the pending motion to vacate on July 3, 2019. Doc. 163.

Mr. May contends that his attorney provided ineffective assistance of counsel by not challenging the four-level enhancement imposed for his leadership role in the conspiracy, *id*. at 1–4, and that his guilty plea was not knowing and voluntary because he did not realize that he would not be allowed to participate in First Step Act recidivism-based programs. *Id*. at 6. While not completely clear, it appears that Mr. May asks that the presentence report be amended to strike all references to the leadership role enhancement and, if the Court denies that relief, that his conviction be set aside based on his involuntary-plea argument.

## II. Ineffective Assistance of Counsel

The waiver in Mr. May's plea agreement does not preclude claims based on ineffective assistance of counsel. Doc. 72. Nor does the usual procedural default rule apply. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

In order to prove ineffective assistance of counsel generally, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the first prong of the *Strickland* test, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness

3

under prevailing professional norms. *Id.* at 688–89; *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). On the second prong of the *Strickland* test, the petitioner must show that prejudice resulted from the deficient performance, that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Mr. May has not shown that his attorney's performance was deficient. Nor has he shown prejudice.

The evidence established Mr. May's leadership role without any reasonable doubt. *See, e.g.*, Doc. 148 ¶¶ 25, 40–43, 50, 52. At his sentencing hearing, his lawyer specifically discussed the decision to withdraw the objections to the various enhancements because they did not affect Mr. May's sentence, assuming the Court accepted the plea arrangement. Doc. 157 at 6–7. Mr. May, who was never shy about expressing disagreements with his lawyers and others or about asking questions when in the courtroom,[3] did not assert any concerns about the leadership enhancement. *See id.* at 3 (affirming that he had read the presentence reports and had no questions); at 16 (declining two offers from the Court to speak at his sentencing). The evidence is undisputed that Mr. May was interested in keeping the benefit of his very favorable plea

---

[3] Citations for this point could take up several pages, but here is a representative sample: Doc. 56 (filing *pro se* motion for appointment of new counsel based on disagreement with current counsel); Doc. 82 (filing *pro se m*otion to withdraw his guilty plea based on alleged duress and stress); Doc. 133 at 10–12 (expressing to the Court his doubts about entering a guilty plea), at 16–17 (asking questions about his appeal waiver); Doc. 139 at 5–7 (stating he wanted to go forward with his motion to withdraw his guilty plea after his attorney stated Mr. May wanted to withdraw the motion), at 11 (asking questions about perjury).

4

agreement, *see, e.g.*, Doc. 182-1 at 3, and that Mr. May was concerned that an evidentiary hearing on objections might convince the Court not to accept the plea agreement. *Id.* Given the plea agreement's binding recommendation of a 120-month sentence, Doc. 72 at ¶ 5(c), the inclusion of the enhancement could not and did not affect his sentence. Mr. May has not presented any evidence, other than his own conclusory opinion, that his lawyer, by failing to press the objection as to the leadership enhancement, performed below an objective standard of reasonableness.

Mr. May contends that his lawyer should have known that the leadership enhancement would affect Mr. May's eligibility for various prison benefits, including those under the First Step Act. But the First Step Act was enacted on December 21, 2018, a few days after Mr. May's sentencing hearing on December 18, 2018. *See United States v. Thompson*, 961 F.3d 545, 548 n.3 (2d Cir. 2020) (citing Pub. L. No. 115-391). "[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995).

Moreover, the First Step Act was hundreds of pages long, and the provisions that Mr. May relies on are just a few lines; while the provisions are now codified at 18 U.S.C. §§ 3632(d)(4)(D)(lxv) & (lxviii), at the time of his sentencing, they were part of a long list in a long bill addressing scores of issues. Mr. May has not provided any evidence, or citation to any case, showing that the failure to tell him about these provisions constitutes ineffective assistance. Mr. May's conclusory assertion to the contrary is insufficient to raise a disputed question of fact.

5

Mr. May has also failed to show prejudice. The evidence supporting the leadership enhancement was overwhelming. There is no reasonable probability that an objection to the enhancement would have been successful. *Strickland*, 466 U.S. at 694.

All of the evidence shows that the leadership enhancement was appropriate, the inclusion of the enhancement did not affect his sentence, and Mr. May consented to the withdrawal of the objection to that enhancement. His lawyer provided effective assistance of counsel.

### III. Knowing and Voluntary Guilty Plea

Mr. May's alternative claim, that his guilty plea was not knowing and voluntary, does not fall within one of the four exceptions in his waiver. *See* Doc. 72 at ¶ 5(e) (listing exceptions). The Court concludes it is barred by the waiver.

In the alternative,[4] Mr. May procedurally defaulted this claim. The voluntariness of a guilty plea can be attacked collaterally only if first challenged on direct review or upon a showing of cause and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998). Mr. May did not appeal, nor has he explained why he did not appeal. He cannot establish cause and prejudice because his claim fails on the merits, and he has not claimed actual innocence.

For a guilty plea to be valid, "the Constitution imposes the minimum requirement that the plea be the voluntary expression of the defendant's own choice." *United States v.*

---

[4]*See United States v. Lunsford*, No. 1:18-CR-390, 2021 WL 66606, at *5 (M.D.N.C. Jan. 7, 2021) (noting that the "Fourth Circuit has come very close to holding that any challenge to the knowing and voluntary nature of a guilty plea is not barred by a waiver.").

*Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up).  Because a guilty plea waives important constitutional rights, the plea must be entered knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.  *Id.*  In determining whether a guilty plea is constitutionally valid, "courts look to the totality of the circumstances surrounding the guilty plea . . . ."  *Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir. 2003).

For a plea to be knowing and voluntary, "a defendant must be made aware of all the direct, but not the collateral, consequences of his plea."  *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (citation omitted).  "A consequence is collateral if it is uncertain or beyond the direct control of the court."  *Id.*  For example, the potential loss of federal benefits is a collateral consequence.  *Id.* at 382.  Several courts have held that the impact of a defendant's guilty plea on good time credits "is a collateral consequence of which a defendant need not be directly advised prior to pleading guilty."  *Dupree v. Carey*, No. CVF 04-6374 AWI SMS HC, 2007 WL 4303780, at *3 (E.D. Cal. Dec. 10, 2007) (collecting cases), *report and recommendation adopted*, No. 1:04-CV-06374-AWI SMS HC, 2008 WL 551011 (E.D. Cal. Feb. 27, 2008).

Mr. May contends that his guilty plea was not knowing and voluntary because he did not understand that he "would not be allowed to participate in First Step Act recidivism-based programs."  Doc. 163 at 6.  But the Bureau of Prisons—not the Court—manages good time credits and its recidivism programs.  Indeed, those programs often change over time as the Bureau manages resources and improves or removes programs.  *See generally Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) (noting that changes in

7

conditions of confinement and the denial of privileges are ordinarily "functions of prison management that must be left to the broad discretion of prison administrators"). And the relevant First Step Act provisions, 18 U.S.C. §§ 3632(d)(4)(D)(lxv) & (lxviii), have to do with the development of a "risk and needs assessment system" by the Attorney General, not the courts.

This collateral consequence is not of the nature and type that must be explained to a defendant before he can enter a knowing and voluntary guilty plea. Even if it was, there is no rational possibility that Mr. May would have pled not guilty had he known of this consequence, given the extremely favorable plea agreement his lawyer negotiated with the government. This argument is without merit.

### IV. Conclusion

Mr. May has not shown ineffective assistance of counsel, nor has he shown that his guilty plea was not knowing and voluntary. Indeed, the record establishes without contradiction that his attorney provided effective assistance of counsel and that his guilty plea was knowing and voluntary. The motion to vacate will be denied and the petition will be dismissed.

It is **ORDERED** that the motion to vacate, Doc. 163, is **DENIED**, and the § 2255 petition is **DISMISSED**. There is no substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and a certificate of appealability shall not issue.

This the 16th day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE